**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118231

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## ALLENTOWN DIVISION

| | |
|---|---|
| Moshe Geiger, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff. | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Nationwide Credit, Inc., | |
| Defendant. | |

Moshe Geiger, individually and on behalf of all others similarly situated (hereinafter referred to as *"Plaintiff"*), by and through the undersigned counsel, complains, states and alleges against Nationwide Credit, Inc. (hereinafter referred to as *"Defendant"*), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.      At all relevant times, Defendant conducted business within the State of Pennsylvania.

## PARTIES

5.      Plaintiff Moshe Geiger is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Nationwide Credit, Inc., is a Pennsylvania Corporation with a principal place of business in Lehigh County, Pennsylvania.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts  allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.     The alleged Debt does not arise from any business enterprise of Plaintiff.

17.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated July 26, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

2

21.    The Letter conveyed information regarding the alleged Debt.

22.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.    The Letter was received and read by Plaintiff.

24.    15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

25.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

27.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

28.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

29.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

30.    For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the owner of a debt is unfair and deceptive to the least sophisticated consumer.

31.    The owner of a debt must be clearly conveyed from the perspective of the least sophisticated consumer.

32.    The owner of a debt must be accurately conveyed from the perspective of the least sophisticated consumer.

33.    The owner of a debt must be conveyed without ambiguity from the perspective of the least sophisticated consumer.

34.    The identity of the owner of a debt is a material piece of information to a consumer.

35.    Knowing the identity of the owner of a debt affects how a consumer responds to a debt collector's attempts to collect the debt.

36.     The Letter fails to identify by name and label any entity as "creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

37.     Rather, the Letter provides only, "Original Creditor: JPMORGAN CHASE BANK USA, N.A."

38.     The Letter demands payment be made to Nationwide Credit, Inc.

39.     The least sophisticated consumer would be confused as to whether the owner of the alleged Debt is the "original" creditor JPMORGAN CHASE BANK USA, N.A., the entity to which payment must be made Nationwide Credit, Inc., or some other unnamed entity.

40.     The least sophisticated consumer would likely be confused as to the owner of the alleged Debt.

41.     The least sophisticated consumer would likely be uncertain as to owner of the alleged Debt.

42.     Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

43.     Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

44.     The least sophisticated consumer would likely be deceived by the Letter.

45.     The least sophisticated consumer would likely be deceived in a material way by the Letter.

46.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

47.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Pennsylvania.

48.     Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter failing to explicitly state the owner of the alleged Debt, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the

4

present.

49.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

50.     The Class consists of more than thirty-five persons.

51.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

53.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

54.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

a.  Certifying this action as a class action; and

b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

5

c.   Finding Defendant's actions violate the FDCPA; and

d.   Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Granting Plaintiff's costs; all together with

g.   Such other relief that the Court determines is just and proper.

DATED: March 30, 2020

**BARSHAY SANDERS, PLLC**

By: _____
Melissa A. Pirillo, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118231

Barshay Sanders PLLC

**PERSONAL AND CONFIDENTIAL**
PO Box 10354
Des Moines, IA 50306-0354

01292



002/C05/783/07/26/2019//NY/1.1/20180423

| ACCOUNT NUMBER: | XXXXXXXXXXXX9566 |
|---|---|
| NCI ID: | ████9494 |
| ACCOUNT BALANCE: | $2,915.51 |
| AMOUNT ENCLOSED: | |

24-hour account access: https://myaccount.ncirm.com
o Change of address: Print New Address on Back

**REMIT TO:**

‖ᵗᵘᵗ‖ᵗᵘᵗᵗᵗᵘᵗᵗᵘᵗᵗᵗᵘᵗᵗᵘᵗᵘᵗ‖ᵗ‖ᵗᵘᵗᵗᵘᵗᵘᵗᵗᵘᵗᵗᵘᵗᵘᵗᵗᵘᵗᵘ‖ᵘ
**NATIONWIDE CREDIT, INC.**
PO Box 14581
Des Moines IA 50306-3581

‖ᵗᵘᵗ‖ᵗᵗᵘᵗᵗᵘᵗᵗᵗᵘᵗᵘᵗᵗᵘ‖ᵘᵗᵗᵘᵗᵗᵘᵗᵘᵗᵘᵗ‖ᵘᵗᵗᵘᵗᵗᵘᵗᵘᵗ‖
76737-27A8***AUTO**MIXED AADC 350
M Geiger
4910 17TH AVE APT 3B
Brooklyn NY 11204-1185

████████ 494 4

---

*** Please See Reverse Side of This Letter for Important Consumer Information ***
Please Detach and Return this Stub in the Enclosed Envelope with your Check or Money Order - Make Sure the "Remit to" Address appears in the Window

# Nationwide Credit, Inc.

PO Box 14581
Des Moines, IA 50306-3581
Monday-Friday 8 AM to 7 PM ET
1-877-658-8518
myaccount.ncirm.com

| | |
|---|---|
| Original Creditor: | JPMORGAN CHASE BANK, N.A. |
| Account Number: | XXXXXXXXXXXX9566 |
| Account Balance: | $2,915.51 |
| Settlement Amount: | $1,486.91 |
| Date: | 07/26/2019 |



myaccount.ncirm.com

➤ 24-hour Access

➤ Make or
  Reschedule
  Payments

➤ Settle
  Your
  Account

➤ Update
  Your
  Contact
  Information

➤ Tell Us How
  to Contact
  You

And More...

Nationwide Credit, Inc. ("NCI") previously sent you a letter, more than thirty (30) days ago, advising you that your past due account was placed with us for collection. The Account Balance is shown above.

We are offering you an opportunity to settle this account for **$1,486.91**. This offer is valid for a one-time payment of the settlement amount and is due on or before **08/09/2019** ("Settlement Agreement"). This offer is contingent upon NCI receiving the payment pursuant to the payment schedule outlined in this letter. If you fail to meet any terms of the Settlement Agreement, NCI may, at its discretion, cancel the Settlement Agreement or offer you a new settlement agreement. NCI is not obligated to renew this offer.

You may accept this settlement, see other options available to you and manage your account online using the following process:

1. Visit myaccount.ncirm.com

2. Login using your NCI ID ████9494 and the last four digits of your SSN as the password



myaccount.ncirm.com
➤ Make, Cancel or Reschedule Payments
➤ Settle Your Account
➤ Update Your Contact Information
➤ Tell Us How to Contact You
➤ ... And More!

You can also call us at 1-877-658-8518 to speak with one of our associates or you may choose to send us a payment using the coupon below.

Sincerely,
**MAURICE RICO**
**Nationwide Credit, Inc.**

**This communication is an attempt to collect a debt by a debt collector or consumer collection agency and any information obtained will be used for that purpose.**

00002583

C05
04122019

**NOTE CHANGES ONLY**

FIRST NAME [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]    MI [ ]

LAST NAME [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

ADDRESS [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

CITY [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]    HOME PHONE [ ][ ][ ] [ ][ ][ ] [ ][ ][ ][ ]

STATE [ ][ ]    ZIP [ ][ ][ ][ ][ ] - [ ][ ][ ][ ]    WORK PHONE [ ][ ][ ] [ ][ ][ ] [ ][ ][ ][ ]

---

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR OR CONSUMER COLLECTION AGENCY AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

New York City Department of Consumer Affairs License Number: 0914159